IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| SCOTT MATTISON LAWSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:11-CV-135 |
| | § | |
| RICK THALER, | § | |
| Director, Texas Dep't of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## <u>REPORT AND RECOMMENDATION TO</u>
## <u>DISMISS PETITION FOR WRIT OF HABEAS CORPUS</u>

On June 16, 2011, petitioner, SCOTT MATTISON LAWSON, a state prisoner confined in the McConnell Unit in Bee County, Texas filed with the United States District Court for the Southern District of Texas, Corpus Christi Division, a Petition for a Writ of Habeas Corpus by a Person in State Custody. Upon evaluating the claims set forth in the petition, the Corpus Christi court transferred the case to this Court. Petitioner is incarcerated pursuant to a 1998 conviction for felony murder and the resultant life sentence. The conviction was out of the 222nd District Court of Deaf Smith County, Texas. For the reasons detailed below, the undersigned recommends the petition be DISMISSED as successive.

I.

PROCEDURAL BACKGROUND

A jury found petitioner guilty of felony murder and sentenced him to life imprisonment in November 1998. The conviction was affirmed on direct appeal in 1999 and again upon remand in 2000. The Texas Court of Criminal Appeals upheld the state appellate court's opinion in 2001. *See Lawson v. State*, 64 S.W.3d 396 (Tex. Crim. App. 2001). Petitioner then filed a state habeas corpus application. In January 2003, the Texas Court of Criminal Appeals denied the application without written order based on the findings of the trial court without a hearing. *Ex parte Lawson*, WR-54,703-01.

At that point, petitioner Lawson turned to the federal courts. In March 2006, this Court denied Lawson federal habeas corpus relief. *Lawson v. Dretke*, 2:03-CV-033, "Judgment," doc. 31, entered Mar. 28, 2006 (N.D. Tex.). The Fifth Circuit denied a Certificate of Appealability on the habeas corpus claims in February 2007. *Lawson v. Quarterman*, 06-10402, "Order," entered Feb. 15, 2007 (5th Cir.). The United States Supreme Court refused to issue a writ of certiorari. *Lawson v. Quarterman*, 06-11330, Order Denying Petition for Writ of Certiorari, dated Oct. 1, 2007. Petitioner then filed a Rule 60(b) motion, which was also denied by the Court.

In June 2009, petitioner filed another state habeas corpus application. *Ex parte Lawson*, WR-54,703-02. In September 2010, that application was dismissed without written order pursuant to the mandates of the Texas Code of Criminal Procedure, article 11.07, section 4(a)-(c), which prohibits subsequent habeas corpus applications. *See id.* The instant federal petition, signed on June 16, 2011, followed.

II.

## PETITIONER'S ALLEGATIONS

In his petition, petitioner appears to contend the State of Texas is holding him in violation of the Constitution and laws of the United States because the indictment alleged aggravated assault as a predicate offense for felony murder. Petitioner contends that, at the time the indictment was issued, Texas case law established aggravated assault was not a predicate offense for felony murder. Therefore, petitioner concludes, (1) the trial court lacked subject matter jurisdiction over the case and (2) the conviction violated petitioner's due process rights.

III.

## THE PETITION IS SUCCESSIVE

*A.  The Law Regarding Successive Petitions*

Title 28 U.S.C. section 2244(b)(3)(A) provides that **before** a second or successive application permitted by section 2244(b)(2) is **filed** in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Section 2244(b)(3)(A) creates a "gatekeeping" mechanism at the appellate court level for the consideration of second or successive applications in the district courts. *Felker v. Turpin*, 518 U.S. 651, 657, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). It "transfers from the district court to the court of appeals a screening function which would previously have been performed by the district court." *Id.*

Permission may be obtained only by filing, with the appropriate federal appellate court, a motion for authorization to file a successive habeas petition with the district court. *In re Epps*, 127 F.3d 364 (5th Cir. 1997) (detailing the procedure for obtaining authorization from the

appellate court).  The federal court of appeals may authorize the filing of a second or successive application for habeas relief only if it determines the application makes a prima facie showing that the application satisfies the requirements set forth in 28 U.S.C. section 2244(b)(2).

### B.  Petitioner's Case

#### 1.  Petitioner's Second Habeas Corpus Petition

Petitioner raises several points in an effort to avoid the bar against successive federal habeas corpus petitions, of which petitioner indicates he is aware.  None of his points, however, have any merit.  Petitioner states, in the habeas corpus petition form itself, that he is not challenging a judgment of conviction or sentence but rather challenges "No Conviction." (Petition for a Writ of Habeas Corpus, doc. 1, file stamped by the Court on June 27, 2011, pg. 2).  Petitioner goes on to state:

> Lawson urges the Court to take Judicial Notice of the FACT that **PRIOR** to the filing of June 09, 2010 [the second habeas corpus application with the Texas state courts], supra., ALL litigation in the Lawson case MUST be considered **NULL** and **VOID** because of the Non-Valid charging instrument FAILED to confer Subject Matter Jurisdiction to the State of Texas.
> As a Matter of Texas Law, the June 09, 2010 filing with the trial court is an ORIGINAL Application for (TCCP) Art. § 11.07 [sic] Writ of Habeas Corpus proffering the DENIAL OF DUE PROCESS OF LAW!

("Petition Requesting Federal Intervention on the State of Texas Refusing to Follow Texas Law," doc. 2, filed June 27, 2011, pg. 13 (emphasis in original)).  Petitioner states that because he has come up with a new argument regarding the trial court's jurisdiction "ALL litigation filed PRIOR to the above indicated 06/09/10 Habeas Petition --- as a matter of Law --- DOES NOT EXIST!"  (*Id.*, pg. 25 (emphasis in original)).

To cast, as petitioner does, the instant petition in the light of not challenging a conviction is simply inaccurate. Petitioner has been convicted of felony murder. He is currently incarcerated pursuant to that conviction and he is clearly challenging the fact of his confinement and grounds for his current incarceration, i.e., the felony murder conviction. He has already challenged that conviction in the federal court system, during which proceedings petitioner contended the following:

1.     His Fifth, Sixth, and Fourteenth Amendment rights were violated when the state appellate court unforeseeably expanded by judicial construct the felony murder statute by allowing aggravated assault to become a predicate felony offense to felony murder.

2.     His Fifth and Fourteenth Amendment rights were violated when the state prosecuted him for felony murder and its lesser included offense of aggravated assault.

3.     His Sixth and Fourteenth Amendment rights were violated because the felony murder indictment failed to provide adequate notice of the offense charged.

*Lawson v. Dretke*, "Report and Recommendation," doc. 26, filed Mar. 10, 2006, pg. 3.

Petitioner now uses the same reasoning he employed in his prior federal habeas corpus pleadings to attack the jurisdiction of the court out of which the conviction issued. Viewed in the light most favorable to petitioner, the instant petition does nothing more than raise a new challenge to a conviction already reviewed by this Court, the Fifth Circuit, and the United States Supreme Court.

Petitioner contends his argument against the trial court's jurisdiction is sufficient to invalidate all other litigation he has engaged in up to this point. It is not. "Under § 2244(b), the first step of analysis is to determine whether a claim presented in a second or successive habeas corpus application was also presented in a prior application. If so, the claim must be dismissed."

*Gonzalez v. Crosby*, 545 U.S. 524, 530, 125 S.Ct. 2641, 2647, 162 L.Ed.2d 480 (2005) (internal quotation omitted).   A "claim" includes new allegations of constitutional error that were not previously raised in the first habeas corpus petition attacking the same conviction.  *Id.* at 531, 125 S.Ct. at 2647.  If a petitioner merely seeks to present a new ground for relief, his claim is successive and must be dismissed.  *Id.* at 532, 125 S.Ct. at 2648.

In this case, petitioner uses familiar arguments in an attempt to raise a new ground for relief in attacking his felony murder conviction.  Federal courts have already reviewed the merits of petitioner's first habeas corpus case challenging the conviction and have denied petitioner relief.  Petitioner's new petition is successive.  *Id.* at 532, 125 S.Ct at 2648.  Moreover, petitioner has not indicated he has sought or obtained permission from the Fifth Circuit authorizing this Court to consider the merits of his new claim.  *See* 28 U.S.C. § 2244(b)(3); *In re Epps*, 127 F.3d at 364.  Petitioner likewise has presented nothing in statutory or case law indicating the Court may ignore the procedural history of this case, as petitioner proposes.  To adopt petitioner's reasoning would require implication of a concept of the Court disregarding six state court decisions, two federal district court decisions, a Fifth Circuit decision, and a Supreme Court decision already issued in review of petitioner's conviction.

## 2.  Petitioner's Request for Intervention

As the name of the pleading sent in with the habeas corpus form petition indicates, petitioner "request[s] federal intervention on the State of Texas refusing to follow Texas law." (doc. 2, filed June 27, 2011, pg. 1).  In his written petition, petitioner candidly states that he "had reservations on constructing the instant document as a 28 U.S.C. § 2254, because of the 'lack' of intervention caselaw."  (*Id.*, pg. 10).

Petitioner was convicted in 1998.  At that time, the Texas Penal Code indicated the only offense that could not be used as a predicate offense in a felony murder case was manslaughter.  Tex. Penal Code Ann. § 19.02 (Vernon 1994).  The Texas Court of Criminal appeals had, however, judicially created another exception to the statute.  In *Garrett v. State*, 573 S.W.2d 543 (Tex. Crim. App. 1978), the Court of Criminal Appeals made the offense of aggravated assault also unavailable for use as a predicate offense in a felony murder case.  The Court of Criminal Appeals later "disavowed" the broad interpretation of the penal code employed in *Garrett* as inconsistent with the controlling statute.  *Johnson v. State*, 4 S.W.3d 254, 257-58 (Tex. Crim. App. 1999).  When petitioner Lawson presented his claims to the Court of Criminal Appeals, that court evaluated Texas law and determined *Johnson* was controlling and *Garrett* was not.  *Lawson v. State*, 64 S.W.3d at 396-97.  Petitioner wants the federal courts to make the Texas courts apply *Garrett* instead of *Johnson*, an action which the federal courts have once before declined to do.

The United States Supreme Court has repeatedly emphasized, "it is not the province of a federal habeas court to reexamine state-court determinations on state law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991).  Every federal court in the country is held to this standard.  Thus, in courts of the Fifth Circuit, "[w]e will take the word of the highest court on criminal matters of Texas as to the interpretation of its law, and we do not sit to review that state's interpretation of its own law." *Seaton v. Procunier*, 750 F.2d 366, 368 (5th Cir.), *cert. denied* 474 U.S. 836, 106 S.Ct. 110, 88 L.Ed.2d 90 (1985).

The interpretation and application of the Texas penal code and of cases written by the Texas Court of Criminal Appeals in interpretation of the penal code is a matter of Texas state law. Petitioner is unsatisfied with that interpretation. His dissatisfaction, however, cannot be remedied by the federal courts at this point. The reason petitioner encountered a "'lack' of Intervention caselaw" is because such intervention is inappropriate and not allowed. *See McGuire*, 502 U.S. at 67-68, 112 S.Ct. at 480; ("Petition Requesting Federal Intervention on the State of Texas Refusing to Follow Texas Law," doc. 2, filed June 27, 2011, pg. 10). Thus, neither a successive habeas corpus petition nor a "Request[] for Federal Intervention" enable the federal courts to give petitioner the redress he seeks.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner SCOTT MATTISON LAWSON be DISMISSED as successive.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 26th day of September, 2011.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).